IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-0560 |
| | ) | |
| DR. JOSEPH W. CARROLL, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                      November 3rd, 2010

This is an action in civil rights. Plaintiff, David J. Hood ("Mr. Hood"), has filed a complaint pursuant to section 1983 of the Civil Rights Act alleging that defendants violated his rights protected by the First and Fourteenth Amendments to the United States Constitution. 42 U.S.C. § 1983. Mr. Hood alleges that during his senior year of high school he was suspended without a prior hearing, prohibited from attending prom and graduation, and was cited for criminal harassment because he wore a T-shirt to school reading "Not Guilty".

Specific to this memorandum and order, Mr. Hood alleges that one of the several defendants, Penn Hills Police Officer Dennis Lynch ("Officer Lynch"), cited him for criminal harassment because of the T-shirt in violation of his

constitutional rights. Mr. Hood has filed suit against Officer Lynch in his individual and official capacity.

Officer Lynch has filed a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 10]. Officer Lynch argues that Mr. Hood has not alleged any facts demonstrating that he cited Mr. Hood because of the viewpoint Mr. Hood expressed or because he wanted to deter Mr. Hood from engaging in protected conduct. Officer Lynch also argues that Mr. Hood has failed to allege any facts demonstrating the existence of a policy or custom on the part of the Penn Hills Police Department to support claims against him in his official capacity.

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, the court is "'not bound to accept as true a legal conclusion couched as a

factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that a plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

It is on this standard that the court has reviewed Officer Lynch's motion to dismiss. Based on the pleadings of record, the arguments of counsel and the briefs filed in support and opposition thereto, the court is not persuaded that Mr. Hood cannot, upon a trial, establish a case that would entitle him to relief.

Specifically, Mr. Hood has alleged that officials at Penn Hills School District called the police as a result of an incident at the high school on April 14, 2009. On that day, Mr. Hood and his friends wore T-shirts that read "Not Guilty" to school. Mr. Hood alleges that the school disciplined him and pressed criminal charges against him on the grounds that the shirts constituted harassment of Felicia Kunsman, a fellow student with whom Mr. Hood had an ongoing dispute. Ms. Kunsman is also the daughter of a close friend of Erin Vecchio, President of the Penn Hills School Board during this time.

According to Mr. Hood, Ms. Kunsman did not see the T-shirts that day, had not heard about them, and did not complain about them to school officials. Mr. Hood further contends that the T-shirts expressed a foundational precept of the American criminal justice system and advocated his innocence in an unrelated criminal case Ms. Kunsman had brought against him.

Mr. Hood alleges that Officer Lynch cited him solely because of, and in retaliation for, the viewpoint expressed on his T-shirt. Notably, Mr. Hood contends that the only harassing conduct listed on the criminal citation was wearing the T-shirt. These allegations, if true, may state a claim for conduct protected by the First Amendment to the United States Constitution. Specifically, Mr. Hood's allegations may state a

4

claim for censorship, prohibition of protected speech, and retaliation.

We will deny Officer Lynch's motion to dismiss these claims. However, we note that the denial of Officer Lynch's motion does not equate to a finding that Mr. Hood has engaged in speech protected by the First Amendment. At this procedural posture, we only find that Mr. Hood's allegations, if true, set forth a plausible claim for relief.

However, Mr. Hood also alleges claims against Officer Lynch in his official capacity. Mr. Hood has failed to set forth in his complaint any allegations regarding the relevant policy or custom at issue in this case. Mr. Hood's contentions regarding policy and custom are contained entirely in his brief in opposition to the motion to dismiss. In his brief, Mr. Hood makes generalized allegations that it was the municipality's custom to assign officers to the school officials to "do their bidding" and "permit flagrant constitutional abuses."

Even assuming those contentions were amendments to the complaint, they are insufficient to assert a claim for municipal liability. Mr. Hood is required to assert in his complaint the relevant policy and custom at issue and on what plausible grounds the policy or custom resulted in constitutional violations. We will grant Officer Lynch's motion to dismiss

these claims against him in his official capacity, but will allow Mr. Hood to file an amended complaint to cure the pleading defects.

Officer Lynch also moves to dismiss Mr. Hood's equal protection and due process claims, and his demand for punitive damages against him in his official capacity. Mr. Hood has acknowledged that the equal protection and due process claims against Officer Lynch are without merit. Mr. Hood does not object to the dismissal of those claims as to Officer Lynch. Mr. Hood also concedes that he is not seeking punitive damages against Officer Lynch in his official capacity. [Doc. No. 18].

For the foregoing reasons, defendant Officer Dennis Lynch's motion to dismiss will be granted in part and denied in part.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID J. HOOD, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 10-0560
 )
DR. JOSEPH W. CARROLL, )
et al. )
 )
    Defendants. )

ORDER

AND NOW, this **3rd** day of November, 2010, IT IS HEREBY ORDERED that Officer Dennis Lynch's motion to dismiss [Doc. 10] is DENIED, as to the First Amendment claims for censorship, prohibition of protected speech, and retaliation without prejudice to his right to file a motion for summary judgment reasserting his defenses upon a more complete record.

IT IS FURTHER ORDERED that Officer Dennis Lynch's motion to dismiss [Doc. 10] is GRANTED, as to claims against Officer Lynch in his official capacity. However, plaintiff may file an amended complaint to cure the pleading defects identified in the opinion within thirty (30) days of the entry of this order on the docket.

IT IS FURTHER ORDERED that Officer Lynch's motion to dismiss [Doc. 10] is GRANTED WITH PREJUDICE with respect to the claims of equal protection, due process, and any demands for punitive damages against him in his official capacity.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record